# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | CRIMINAL NO. 2:16-CR-72-NT |
| KATRIENA HALL, ) | |
| ) | |
| Defendant ) | |

## ORDER OF DETENTION

I held a hearing today on the government's Motion to Revoke Bail (ECF No. 35). The defendant turned herself in on March 3, 2017. The defendant previously pleaded guilty to an Information charging conspiracy to distribute and possess with intent to distribute oxycodone, a Schedule II controlled substance, 21 U.S.C. §§ 841(a)(1) & 846. Although conviction of that felony is ordinarily a mandatory detention offense, the defendant was released pending sentence under the "exceptional" circumstances provision. 18 U.S.C. § 3145(c). The government's motion to revoke bail charged her with violating two of her release conditions: that she not violate any federal, state, or local law; and that she report promptly to Pretrial Services any contact with law enforcement.

The defendant appeared with counsel. After explanation about her arrest by the Maine State Police on February 28, 2017, for operating after suspension and a subsequent phone call to Pretrial Services, the government stated that it was not pursuing the second charged violation. The defendant then admitted to the first violation, that she had been driving after her license was suspended and that she knew that at least one of her car's occupants possessed controlled

substances.  The defendant did not consent to detention, however.  I heard from her lawyer and offered the defendant an opportunity to speak on her own behalf, but she declined.

After considering the underlying controlled substances conviction and the admitted conduct that gave rise to the motion to revoke, I now **GRANT** the motion and **ORDER** that the defendant be detained pending sentencing because she is a danger to the community.  Accordingly, the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purposes of an appearance in connection with a court proceeding.

**SO ORDERED.**

**DATED THIS 6TH DAY OF MARCH, 2017**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**